UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

---

ALLEN E. KAYE,

                Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

              Defendant.

16 Civ. 9384 (VEC)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**


                          JOON H. KIM
                          Acting United States Attorney for the
                          Southern District of New York 86
                          Chambers Street, 3rd floor
                          New York, New York 10007
                          Tel.: (212) 637-2751
                          Fax: (212) 637-2786
                          E-mail:  Kirti.Reddy@usdoj.gov


KIRTI VAIDYA REDDY
Assistant United States Attorney

       – Of Counsel –

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...........................................................................................................................1

I.      PLAINTIFF HAS ABANDONED HIS CLAIMS REGARDING ALL OF THE
REDACTIONS, EXCEPT ONE ........................................................................................1

II.     DHS PROPERLY WITHHELD THE WITNESS STATEMENT ...................................2

        A.     DHS Properly Withheld the Witness Statement Pursuant to Exemption 7(C) ........2

        B.     DHS Properly Withheld the Witness Statement Pursuant to Exemption 7(F).........7

        C.     Exemption 7(D) Also Applies to the Witness Statement....................................... 8

III.    PLAINTIFF'S OPPOSITION AND SUPPORTING DECLARATION ARE REPLETE
WITH UNSUPPORTED HEARSAY STATEMENTS....................................................10

CONCLUSION.......................................................................................................................11

**PRELIMINARY STATEMENT**

Defendant United States Department of Homeland Security ("DHS" or the "Government") respectfully submits this reply memorandum of law in further support of its motion for summary judgment.

Plaintiff has raised no arguments regarding the adequacy of the Government's searches. And Plaintiff has explicitly waived his claim to the vast majority of the information withheld under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff's opposition makes clear that this litigation is now about a single document, a witness statement, and whether it was improperly withheld. Accordingly, the Government's motion for summary judgment as to the remaining 18 pages of withholdings should be granted.

The Government's motion for summary judgment should also be granted with respect to the witness statement found at page 4. The witness statement is protected by FOIA's Exemptions (b)(6), (b)(7)(C), (b)(7)(D),  (b)(7)(E)and (b)(7)(F). As such, DHS has fully complied with its obligations under FOIA, and properly withheld information that is exempt from public disclosure under FOIA exemptions (b)(6), (b)(7)C, (b)(7)(D), (b)(7)(E), and (b)(7)(F).

**ARGUMENT**

**I.    PLAINTIFF HAS ABANDONED HIS CLAIMS REGARDING ALL OF THE REDACTIONS, EXCEPT ONE**

The Government's motion for summary judgment explained in reasonable detail why its searches were adequate, and why it withheld information from 19 pages of documents under the claimed FOIA exemptions. In his opposition brief, Plaintiff explicitly states that his "only interest" is in a document identified in the Government's Vaughn index as Page 4 Witness Statement, which was withheld in full. Dkt. No. 30 (Plaintiff's Opposition Brief filed June 8,

2017 ("Pl. Opp.") at 1.  Plaintiff makes no argument as to any of the Government's other withholdings.  As a result, Plaintiff has abandoned any challenge to all of the Government's other redactions (pages 6, 19, 20-21, 23-26, 31, 68, 89, 91, 92-93, 95-98).  Consequently, the Court should summarily grant USCIS's motion for summary judgment as to the reasonableness of the FOIA exemptions with respect to all of the withholdings other than the witness statement. *See Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 340 (E.D.N.Y. 2006) ("Because plaintiff's opposition papers did not address defendants' motion for summary judgment on this claim, the claim is deemed abandoned and summary judgment could be granted on that basis alone."); *Augustus v. McHugh*, 870 F. Supp. 2d 167, 171-73 (D. D.C. 2012) (granting defendant's motion for summary judgment as conceded where plaintiff failed to challenge agency's justifications for withholding certain information); *Mogenhan v. Dep't of Homeland Sec.*, 06 Civ. 2045, 2007 WL 2007502, at *5 (D. D.C. July 10, 2007) (in FOIA case, holding that plaintiff waived opposition to defendant's arguments by failing to respond to particular arguments in opposing summary judgment); *see also Estate of Ghais Abduljaami v. Dep't of State*, 14 Civ. 7902, 2016 WL 94140, at *7 (S.D.N.Y. Jan. 7, 2016) (listing cases).

## II.     DHS PROPERLY WITHHELD THE PAGE 4 WITNESS STATEMENT

### A.  DHS Properly Withheld Page 4 Pursuant to Exemption 7(C)

This witness statement at issue is plainly protected under Exemption (b)(7)(C). Exemption 7(C)[1] applies where the invasion of privacy that would result from release of the requested information outweighs the public interest in disclosure.  *Halpern v. FBI*, 181 F.3d 279,

---

[1] The Government also continues to assert Exemption 6, which overlaps with Exemption (b)(7)(C).  *See* Defendant's Motion at 17.

296 (2d Cir. 1999). "The only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would she[d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Bibles v. Or. Natural Desert Assoc.*, 519 U.S. 355, 355–56 (1997) (second alteration in original) (quotation marks and citations omitted). The requesting party bears the burden of establishing that disclosure of personal information would serve a public interest cognizable under FOIA. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

Here, Plaintiff's opposition concedes that the witness statement was compiled for law enforcement purposes. Pl. Opp. at n.11. Plaintiff, however, asserts that the witness statement is not exempt under 7(C) because the witness's identity is already allegedly known to Plaintiff and his client, Jaswinder P. Singh ("Singh"), and that the witness waived privacy protections by disclosing his or her statement to him. Pl. Opp. at 14-16.

As an initial matter, it should be noted that whether Plaintiff has correctly guessed the identity of the witness whose statement is at issue is legally irrelevant. Even if a witness's identity is already publicly known, that person still retains a privacy interest entitled to protection under Exemption 7(C). *Massey v. FBI,* 3 F.3d 620, 624 (2d Cir. 1993) (holding that individuals retain their privacy interests under Exemption 7(C) even where their identities may have been publicly disclosed, and stating "we are not convinced tha the doctrine of waiver applies to exemption (b)(7)(C)"), *abrogated on other grounds*, *Milner v. Dep't of the Navy*, 526 U.S. 562 (2011)); *see also Qatanani v. Department of Justice*, Civil Nos. 12-4042 (KSH)(CLW), 2015 WL 1472227, at *13 (D. N.J. Mar. 31, 2015) (citing *Massey*); *Evans v. Legislative Affairs Div., ATF*, No. 12-cv-00641, 2013 WL 708941, at *3 (D. S.C. Feb. 26, 2013) (confirming that exemption is not waived when identities of witnesses and agents became known to plaintiff

during plaintiff's trial); *Tanks v. Huff*, No. 95-568, 1996 WL 293531, at *5 (D. D.C. May 28, 1996) (holding that requester's knowledge of identities of informants who testified against him does not affect ability of agency to invoke exemption). Thus, whether the identity of the witness is known to Plaintiff or not does not negate that third party's privacy interest.

This is in no small part because "a disclosure made to any FOIA requester is effectively a disclosure to the world at large." *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 836 (D.C. Cir. 2001). Treating FOIA disclosure as a public release to "the world" necessitates careful consideration of any third party's privacy interests in his or her personally identifiable information ("PII") that appears in the records and militates against broad disclosure of the individual's PII. Whether Plaintiff assumes he knows the identity of the witness is not relevant to the government's consideration that FOIA disclosure of the witness's identity is tantamount to a much broader public disclosure - disclosure to the world.

In any event, Plaintiff's speculation that the witness statement contains information provided by his ex-wife, Pl. Opp. at 4, 15, cannot justify release of the witness statement. USCIS cannot even confirm or deny that the identity of the witness is a specific individual, such as Plaintiff's client's ex-wife, without thereby providing information to the Plaintiff that is protected under FOIA. Exemption 7(C) would be rendered meaningless if a FOIA requester could simply guess at a witness's identity, force the Government to reveal whether the guess is correct, and if it is, obtain protected personal information about a specific individual. Such a result is contrary to the concept of privacy at the heart of FOIA's protections, which is the "individual's control[] of information about himself." *Nat'l Archives and Records Admin v. Favish*, 541 U.S. 157, 165 (2004) (citing *Reporters Committee*) (emphasis added).

Absent a written waiver from the third party, which would permit disclosure of that

person's personal information, the third party retains their privacy interest in the non-disclosure of their information.  Plaintiff certainly has no legal right to waive or to provide consent for the release of a third-party individual's private information.

While the third party here retains a strong privacy interest, the public interest in the disclosure of his or her information is negligible, at best.  The only public interest recognized by FOIA is "the citizens' right to be informed about what their government is up to."  *Dep't of State v. Ray*, 502 U.S. 164, 177 (1991).  Here, the identity of the witness sheds no light on DHS's performance of its duties.  *See Thomas v. Office of the U.S. Atty*., 928 F. Supp. 245, 250 (E.D.N.Y. 1996) ("[I]n the typical FOIA case in which one citizen seeks information about another, 'the requester does not intend to discover anything about the conduct of the agency that has possession of the requested records.'") (quoting *USDOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989)); *Massey v. FBI*, 3 F.3d 620, 625 (2d Cir. 1993) (disclosure of identities of persons involved or possibly implicated in criminal investigations sheds no light on FBI's performance of its public duties); *Lawyers' Comm. For Human Rights v. I.N.S*., 721 F. Supp. 552, 565 (S.D.N.Y. 1989) (knowledge of identities of F.B.I. agents sheds little light on agency action and therefore has tenuous relationship to purpose of FOIA).

Plaintiff has not met his burden of establishing that revealing the witness statement at issue would either "confirm or refute compelling evidence that the agency is engaged in illegal activity," as is required to overcome the privacy afforded to the names and identifying information of third party individuals who appear in law enforcement records.  *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir.1991) ("We now hold categorically that, unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is

engaged in illegal activity, such information is exempt from disclosure."); *New York Times v. United States Dep't of Justice*, -- F. Supp. 3d --, 2017 WL 713560, at *12 (S.D.N.Y. Feb. 21, 2017) (same).  Instead, Plaintiff concedes that he wants these records, in part, because his client seeks to assess whether USCIS will grant him an immigration benefit upon the filing of a new petition or deny his petition and commence removal proceedings against him.  *See* Dkt. No. 30-1 (Kaye Declaration, dated June 1, 2017, at ¶ 4).  This is not the type of quest that furthers the core purpose of FOIA.  *Massey v. FBI*, 3 F.3d at 624 ("[T]he mere possibility that information may aid an individual in the pursuit of litigation does not give rise to a public interest."); *see Stone v. FBI*, 727 F. Supp. 662, 667 (D. D.C. 1990) ("FOIA was not designed to benefit private litigants.") (quoting *Johnson v. United States Dep't of Justice*, 739 F.2d 1514, 1519 (10th Cir. 1984)).  Thus, the balancing test weighs heavily in favor of withholding of the document.

Finally, it is not possible to segregate and redact only the identifying information of the witness and reveal the remainder of the statement.  *See* Pl. Opp. at 17-18.  Here, revealing the contents of the statement would effectively reveal the identity of the witness, even if his or her name is redacted, based on the content of the statement.  Therefore, the Court should uphold the Government's full redaction of the witness statement to avoid identification of the witness.  *See National Whistleblower Center v. Dep't of Health and Human Servs.*, 849 F. Supp. 2d 13, 31 (D. D.C. 2012) (upholding documents that were withheld in full because the witnesses may be identifiable based on their testimony).

### B.  DHS Properly Withheld the Witness Statement Pursuant to Exemption 7(F)

In his response, Plaintiff asserts that USCIS did not provide any information to show that the witness in question would be in danger if the statement were to be disclosed and that USCIS incorrectly asserted that Singh was in removal proceedings.  The Government interpreted an

August 1, 2002, letter to the Singh from the Immigration and Naturalization Service in which the agency denied Singh's application and determined him to be inadmissible for material misrepresentation per 8 U.S.C. § 1182(A)(6)(c)(1), to mean that the Government was initiating removal proceedings against Singh.  *See* Dkt. No. 30-2.  Regardless, whether or not Singh is or was in removal proceedings is not germane to USCIS's proper use of any applicable FOIA exemption, including Exemption 7(F), to protect records that were compiled for law enforcement purposes, to the extent that the production of such law enforcement records or information could reasonably be expected to jeopardize the life or physical safety of any individual.  5 U.S.C. § 552(b)(7)(F).  *See, e.g., Malizia v. United States Dep't of Justi*ce, 519 F. Supp. 338, 351 (S.D.N.Y. 1981) (withholding of agents identities proper where revelation of information could "unnecessarily jeopardize[ ]" the agents' lives).  It is clear that information given by a witness to law enforcement authorities relating to immigration fraud resulted in the denial of an immigration benefit.  The provision of such information may even result in criminal exposure.  Thus, there is a clear risk to releasing the information, as it would pose a potential for retaliation or danger to the witness.  *See Massey*, 3 F.3d 621 (courts can consider the risks an informant might face were his or her identity disclosed, such as retaliation, reprisal or harassment).  In making a risk assessment, the agency is not required to take investigative steps to determine whether Singh is in removal proceedings or whether he has made threats to his ex-wife to assess the risks involved in disclosing the witness's identity.  Rather, Courts consider whether there is "some nexus between disclosure and possible harm," and defer "to the agency's assessment of danger."  *Linn v. United States Dep't of Justice*, No. 92–1406, 1995 WL 631847, at *8 (D. D.C. Aug. 22, 1995); *see Boehm v. F.B.I*, 948 F. Supp. 2d 9,36  (D. D.C. 2013) (applying 7(F) even though there was no evidence that the "investigation into plaintiff concerned any violence," on

the basis that conspiracy to distribute cocaine is considered to be a violent enterprise in which a reputation for retaliating against informants is a valuable asset); *Zander v. Dep't of Justice,* 885 F. Supp. 2d 1 (D. D.C. 2012) (applying exemption 7(F) where the government showed a nexus between the potential threat of violence by inmates and the disclosure of information relating to Bureau of Prisons video showing officers' techniques);  L*evy v. U.S. Postal Service*, 567 F. Supp. 2d 162, 169 (D. D.C. 2008) (applying 7(F), even though source of danger was not specified because it was reasonably conceivable that the release of information given by victims of a hoax involving the deadly anthrax toxin could result in bodily harm or death for those individuals.  Exemption 7(F) does not require a balancing test.  *Shores v. FBI*, 185 F. Supp. 2d 77, 85 (D. D.C.2002).   Protection is afforded to statements such as the one at issue based on long-standing practice by the government to protect the identity of witnesses and to promote witnesses to come forward that have potential relevant information for such investigations, without fear of retaliation.  *Callaway v. U.S. Dep't of Treasury*, No. 04-1506 (RWR), 2007 WL 7698581 (D. D.C. Aug. 31, 2007) (Exemption 7(F) is a proper basis for withholding the identities of law enforcement agents and confidential informants.").   Accordingly, USCIS reiterates that the application of Exemption 7(F) is appropriate based on the circumstances of this case.

### D. Exemption 7(D) Also Applies to the Witness Statement

Exemption (b)(7)(D) protects records or information compiled for law enforcement purposes, to the extent production of such records or information:

> could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled . . . by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

8

5 U.S.C. § 552(b)(7)(D).  Exemption 7(D) "is meant to (1) protect confidential sources from retaliation that may result from the disclosure of their participation in law enforcement activities, and (2) encourage cooperation with law enforcement agencies by enabling the agencies to keep their informants' identities confidential."  *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 487 (2d Cir. 1999) (quoting *Ortiz v. Dep't of Health and Human Serv.*, 70 F.3d 729, 732-33 (2d Cir. 1995)).  The inquiry in weighing the application of Exemption 7(D) is whether "the particular source spoke with an understanding that the communication would remain confidential"  *Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993).  Exemption 7(D) may be invoked where the source provided information under either an express or an implied assurance of confidentiality.  *Id*.; *accord Halpern v. FBI*, 181 F.3d 279, 298 (2d Cir. 1999).  *Landano* noted that courts may look to the risks an informant might face were her identity disclosed, such as retaliation, reprisal or harassment, in inferring confidentiality.  *Ladano*, 508 U.S. at 180.

In this case, the Government also assets FOIA Exemption 7(D) as applicable to the witness statement.  While this exemption was not previously asserted, the Court may still consider it.  *See Abdul Ahmed v. USCIS*, No. 11-cv-6230, 2013 WL 27697, at n.8 (E.D.N.Y. Jan. 2, 2013) (government can assert a FOIA exemption for the first time in a reply brief so long as the exemption is raised in proceedings before the district court); *Adamowicz v. IRS*, 552 F. Supp. 2d 355, 361 n.2 (S.D.N.Y. 2008).  Exemption 7(D) applies as it is reasonable to expect that the witness who informed federal immigration authorities of immigration fraud would expect his or her identity to be protected due to the risk of retaliation from Plaintiff or other individuals.  Even if confidentiality was not expressly provided to the witness in exchange for cooperating, as *Ladano* noted, it can be inferred by looking to the risks the witness could face if his or her identity was

disclosed, such as retaliation or harassment, or worse.  For these reasons USCIS belatedly asserts an additional FOIA exemption to the one-page witness statement, Exemption (b)(7)(D).

## III.   PLAINTIFF'S OPPOSITION AND SUPPORTING DECLARATION ARE REPLETE WITH UNSUPPORTED HEARSAY STATEMENTS

Plaintiff's Opposition brief and Singh's declaration, are full of unsupported hearsay statements attributed to Singh's ex-wife, Monica Agueda.  *See* Pl. Opp. at 7-8, 14, 17-18, 21); Dkt. No. 30-3 (Statement of Jaswinder Pal Singh) at 1.  While Plaintiff makes a large number of assertions regarding what Monica Agueda allegedly told Singh and how her statements mean USCIS's application of FOIA exemptions are inapplicable, Plaintiff fails to submit a declaration from Ms. Agueda attesting to the statements and facts Plaintiff so freely attributes to her.  Such unsupported statements are inadmissible hearsay and should be struck by the Court or at least disregarded as probative evidence in support of Plaintiff's claims.  *See New World Sols., Inc. v. NameMedia Inc*., 150 F. Supp. 3d 287, 305 (S.D.N.Y. 2015) (finding "a court may strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay[,] or make generalized and conclusory statements.") (internal citations omitted).

Plaintiff's unsupported hearsay statements violate Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 56(c)(4).  "An affidavit or declaration used . . . to oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  "[D]istrict courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that where there are no citations or where the cited materials do not support the factual assertions in the statements, the court is free to disregard the assertion."  *New World Solutions, Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 303 (S.D.N.Y. 2015).

10

**CONCLUSION**

For the foregoing reasons and the reasons stated in the Government's motion for summary judgment, the Court should grant defendant's motion for summary judgment.

Dated:   New York, New York
      May 21, 2017

            Respectfully submitted,

            JOON H. KIM
            Acting United States Attorney for the
            Southern District of New York

     By:   /s/ Kirti Vaidya Reddy
            Kirti Vaidya Reddy
            Assistant United States Attorney
            86 Chambers Street, Third Floor
            New York, NY 10007
            Telephone: (212) 637-2751
            Facsimile:  (212) 637-2786
            Email:  kirti.reddy@usdoj.gov