| | USDC SDNY |
|---|---|
| UNITED STATES DISTRICT COURT | DOCUMENT |
| SOUTHERN DISTRICT OF NEW YORK | ELECTRONICALLY FILED |
| | DOC #:_____ |
| | DATE FILED: 1/17/18 |

-------------------------------------------------------------- X
ALLEN E. KAYE, :
:
                      Plaintiff, :
: 16-CV-9384 (VEC)
                -against- :
: ORDER AND OPINION
U.S. DEPARTMENT OF HOMELAND :
SECURITY, :
:
                      Defendant. X
--------------------------------------------------------------

VALERIE CAPRONI, United States District Judge:

On May 19, 2017, Defendant U.S. Department of Homeland Security ("DHS") moved for summary judgment in this Freedom of Information Act ("FOIA") matter, supported by a memorandum of law ("DHS Mem.") [Dkt. 28] and a declaration from Brian J. Welsh, Deputy Chief of the Freedom of Information Act Program Branch at the National Records Center ("NRC") for United States Citizenship and Immigration Services ("USCIS"), an agency within DHS ("Welsh Decl.") [Dkt. 27]. Plaintiff Allen E. Kaye ("Plaintiff") challenges USCIS's response to his FOIA request for immigration documents pertaining to his client, Jaswinder Pal Singh ("Singh"). Govt. Mem. at 1;[1] Complaint ("Compl.") [Dkt. 1].

Kaye's FOIA request was initially filed on October 6, 2015, prompting a document search that ultimately resulted in the production of 87 pages in full and 17 pages in part, with only two pages withheld in their entirety. Welsh Decl. ¶¶ 6–13; DHS Mem. at 1. Although DHS initially presented the grounds on which it had withheld *all* of the unreleased materials, *see, e.g.*, Welsh Decl. ¶¶ 24–54, Plaintiff has made it clear that he is challenging only the decision to withhold a single document, a witness statement, which he asserts was made by Singh's former

---

[1] DHS's memorandum of law is not paginated; the Court deems the page containing the "Preliminary Statement" to be page 1, the next page beginning with "Background" to be page 2, and so forth.

wife. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Opp. Mem.") [Dkt. 30] at 1. Accordingly, as an initial matter, the Court finds that Plaintiff has waived any objections to the adequacy of the search and to DHS's decision to withhold the other documents; DHS's motion is granted as to those documents.[2]

A plaintiff's challenge to a government agency's FOIA response is usually resolved on a motion for summary judgment. *Det. Watch Network v. United States Immigration & Customs Enf't*, 215 F. Supp. 3d 256, 261 (S.D.N.Y. 2016) (citing *Carney v. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)). The agency must show that the withheld documents fall within a FOIA exemption. The agency may do so by affidavit or declaration that provides a reasonably detailed explanation for why the material was withheld; the Court reviews the bases for withholding material *de novo*. *Id.* (citations omitted).

DHS has set forth several FOIA exemptions as the bases for withholding the witness statement—(6), (7)(C), (7)(D), (7)(E), and (7)(F)—but focuses its arguments in its reply brief on (7)(C), (7)(D), and (7)(F), specifically protection of personal information, and affording protection to and maintaining the confidentiality of the witness.[3] *See* DHS Mem. at 3–4; Reply Memorandum of Law In Support of Defendant's Motion for Summary Judgment ("Reply Mem.") [Dkt. 34] at 1–10. Plaintiff, who assumes that the witness whose statement is being

---

[2] *See, e.g.*, *Duarte v. St. Barnabas Hosp.*, 265 F. Supp. 3d 325, 352–53 (S.D.N.Y. 2017) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.") (collecting cases) (citations omitted).

[3] Documents of the following types are exempt from disclosure under FOIA: "(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; [and] (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source . . . , (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual . . . ." 5 U.S.C. § 552(b).

withheld was Singh's former wife, asserts, without support or an affidavit, that the witness's privacy interest has effectively been waived because he has guessed the witness's identity and because his former wife told Singh that she had made a statement to the immigration authorities. Further, he argues, that the former wife needs no protection because Mr. Singh has not threatened or harassed her since she was interviewed by the immigration authorities. *See* Opp. Mem. at 8–18. He asserts a public interest in the fair administration of immigration laws, namely how DHS applies § 204(c) of the Immigration Nationality Act, which bars future visa petitions for permanent residence if an individual has previously engaged in marriage fraud.[4] *See, e.g.*, *id*. at 13, 18.

The Court finds that Plaintiff's arguments are unavailing, and that DHS has sufficiently justified withholding the document. The Court agrees with DHS that, as to exemption (7)(C), even if Plaintiff has correctly guessed the identity of the witness, because the witness has not waived his or her privacy interest, the witness's right to privacy must still be respected. *See* Reply Mem. at 2–6. As to (7)(D), the Court agrees with DHS that production of the witness statement would reveal the identity of a confidential source, as it is reasonable that the witness would have expected his or her identity to remain confidential, and a policy of confidentiality promotes cooperation with law enforcement and protects witnesses. *Id*. at 8–10. And as to (7)(F), the Court agrees with DHS that revealing the identity of a witness who testified against an individual regarding immigration fraud should remain private to afford protection to the witness; the Court defers to the agency's assessment of the risk and recognizes the possibility of retaliation, regardless of Singh's purported relationship with his former wife, who may or not actually be the witness. *Id*. at 6–8. The Court rejects the purported public interest in knowing

---

[4]  *See* 8 U.S.C. § 1154(c).

how DHS makes its immigration determinations, as this does not outweigh the witness's privacy interest, the interest in maintaining confidentiality, and the interest in ensuring witness protection.[5]

In short, DHS has met its burden of demonstrating that the document in question was properly withheld. Summary judgment is granted with respect to the witness statement (in addition to the documents as to which Plaintiff abandoned his objections), and thus granted in full. The Clerk of Court is instructed to terminate Docket Entry 26 and close the case.

**SO ORDERED.**

**Date: January 17, 2018**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

---

[5] The Court notes that there is a fine line between providing the public information about how immigration authorities make their immigration determinations and providing the public information that would unacceptably increase their ability to take steps to circumvent the law. In this case, the agency's invocation of FOIA exemption 7(E) suggests its judgment that disclosing the document in question creates the latter risk.

4